E. BLACHLEY, APPELLANT, v. J. J. BUTLER, RESPONDENT.

DONATION LAW—WIDOWS EMBRACED BY.—The twenty-second section of the Donation Law embraces two classes of widows, to whom the provisions of the act are extended.

APPEAL from Lane County.

The appellant brings this suit to have the title to a tract of land in Lane County, now vested in the respondent, inure to him. The appellant is the assignee of Sarah Butler, who settled upon the land in question in 1855, and claimed the same under the Donation Act. In 1859, something in the nature of final proof was submitted to the Surveyor-General, but the papers relating to it were lost. In 1864, Sarah Butler conveyed to Blachley. In 1859, J. J. Butler made application to pre-empt the premises, and deposited money in the land office at Oregon City for that purpose. In 1864, upon a contest between the parties, the register and receiver decided that Sarah Butler was not entitled to hold the premises, and that her claim was invalid. Subsequently to his application to purchase under the pre-emption law, Butler, the respondent, relinquished his pre-emption right, and took the land under the homestead law; and, in 1873, patent issued to him. The appellant brings this suit to show that the title to said premises vested in him, as the assignee of Sarah Butler,

and to have J. J. Butler declared a trustee of the legal title for his benefit.

The court below dismissed the suit.

*J. J. Walton, Jr., and Thayer & Williams,* for Appellant.

*Thompson & Fitch and G. B. Dorris,* for Respondent.

By the Court, McARTHUR, J.:

This case is here upon the pleadings and the proofs to be tried anew. The only question of law presented is, Could Sarah Butler, under whom Blachley claims, take and hold lands under § 22 of the Donation Act? We are of opinion that two classes of widows are provided for under said section. First, those residing in the Territory of Oregon at the time of the passage of the section (February 14, 1853); and, second, those whose husbands, had they lived, would have been entitled to take under the act of September 27, 1850, of which the act of February 14, 1853, is an amendment. The testimony shows that Sarah Butler was a widow, and was residing in Oregon at the time of the passage of the aforesaid amendment. She was fully entitled to take. It appears that she settled upon the land in controversy, in 1855; but the testimony wholly fails to show that she complied with the requirements of the Donation Act, in reference to the four years' continued residence and cultivation. Having acquired no rights, her deed to Blachley passed none to him.

Decree affirmed.